IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JACOB WESLEY SCOTT,

    Plaintiff,

vs.                                            CASE NO. 4:04CV09-MMP/AK

GLENDA COOK,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendants Glenda Cook and Sergeant Canon retaliated against him for writing grievances by fabricating a disciplinary report and failing to take action on his behalf when another unnamed officer assaulted him. (Doc. 16). Plaintiff also claims that he was denied due process with regard to the disciplinary report. He seeks restoration of the gain time lost as a result of this fabricated disciplinary report, damages in the amount of $100 a day for each gain time day lost, and he wants to be able to file charges against the Defendants.

I.      **Allegations of the Amended Complaint (doc. 16)**

Plaintiff claims that on December 5, 2003, he was physically and verbally assaulted by an unnamed officer, who allegedly called him a number of racial slurs, threatened him, and put his hands around his neck and his thumb in Plaintiff's mouth. Defendant Cook allegedly was present during this assault and at this unnamed officer's direction falsely reported the incident. Defendant Cook allegedly conspired with Defendant Canon to make up a false report that charged Plaintiff with threatening Cook.

Attached to the complaint are the following exhibits:

Disciplinary Report dated December 5, 2003, written by Defendant Cook:

> On December 5, 2003 at approximately 1350 hours, I was assigned as inside grounds officer. I was attempting to counsel with inmate Scott, Jacob DC #056188, about his work habits when inmate Scott became argumentive [sic] and stated "You better watch your back. You don't know who you are messing with." The shift officer-in-charge was notified and authorized this report. Inmate Scott was placed in administrative confinement pending disposition of this report.

The report also advised Plaintiff that no hearing would commence until 24 hours; that an impartial investigation would ensue; that he could advise the investigation officer of his witnesses; that witness statements would be presented in writing; and that he could make a written statement regarding the charge.

The Disciplinary Hearing Worksheet dated December 9, 2003, states that Plaintiff was present, pled not guilty, and witness statements were read. The team found him guilty based on Defendant Cook's statements, and he lost 90 days gain time.

**No. 4:04cv09-mmp/ak**

Grievances were filed regarding Plaintiff's desire to file charges against the officers who assaulted him. The responses indicate that the allegations were turned over to the Inspector General's Office for further investigation. There is another unrelated grievance about a request for dental treatment that appears wholly unrelated to the claims raised in the complaint.

Plaintiff has filed a sworn affidavit wherein he attests that he was finishing up the noon meal on December 5, 2003, when Defendant Cook told him to go to the center gate where he was sent into an office or small building and another officer came in and with gloved hands put his fingers around Plaintiff's neck and told him to open his mouth. He put his fingers in his mouth and put pressure on his neck bone and told him to quit writing grievances or he would beat him and that he would lose his gain time. He also allegedly told him that Plaintiff would die like the last "nigger," and then he released him and nodded conspiratorially to Defendant Cook, who was there and witnessed the event, who then lied and said that Plaintiff threatened her. Plaintiff also alleges that Defendant Cook threatened him with a "sexual case and death," and that "Judge Bean" will keep him in prison for "putting my hand between superior white thighs."

## II.    Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), aff'd, 108 F.3d 1388, citing Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of

**No. 4:04cv09-mmp/ak**

Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960).  The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient."  In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).  Dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss.  Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993).  However, this does not mean "that every statement in a complaint must be accepted as true."  In re Mosello, 190 B.R. at 168.  The "court need not accept 'sweeping and unwarranted averments of fact.'"  *Id., citing* Perniciaro v. Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  Claims which "rely upon conclusory statements of law" need not be accepted.  Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995).  Conclusory statements and their inferences "are not sufficient to defeat a motion to dismiss for failure to state a claim."  Northern Trust Co., 69 F.3d at 129; *see also* Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding "[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was

**No. 4:04cv09-mmp/ak**

injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993). The motion to dismiss will be granted if the "complaint fails to allege the violation of a clearly established constitutional right." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002), *citing* Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001), (citing Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997)).

**III.    Defendants' motion to dismiss (doc. 51)**

**No. 4:04cv09-mmp/ak**

Defendants have moved to dismiss on the grounds that "actions challenging disciplinary reports and seeking restoration of lost gain time can only be brought in a petition for writ of habeas corpus, and not in a {1983} action." Defendants also assert that claims of verbal threats and harassment do not state claims under 1983, and that Plaintiff has failed to allege facts constituting retaliation.

## V. Analysis

### a) Due Process of Disciplinary Proceeding

While it is true that a claim for restoration of gain time must be brought in a habeas proceeding, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), a claim for damages for loss of gain time may be brought in a 1983 action. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974). Thus, insofar as Plaintiff seeks to have his gain time restored, this claim for relief is foreclosed.

Further, insofar as Plaintiff complains about the results of his disciplinary proceeding, this claim, too is barred. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (a claim for damages will be barred if "establishing the basis for the damages claim necessarily demonstrate [d] the invalidity of the conviction" ). In fact, the Eleventh Circuit has foreclosed all claims challenging a disciplinary proceeding unless they are "purely procedural, as in Wolff...." Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997); Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003). The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons

**No. 4:04cv09-mmp/ak**

for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff, 418 U.S. at 556; Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Insofar as Plaintiff claims that his due process claim is based on the lack of a hearing, (doc. 53), his own evidence attached to the complaint shows that he was afforded a hearing. (Doc. 16, Exhibit 1-2). Plaintiff does not claim that this hearing worksheet is incorrect or fabricated, or that there was some other due process problem with the hearing, he just generally states that he did not have one, yet provides evidence that shows that he did. This general allegation is insufficient to refute the documentary evidence attached to the complaint, and the undersigned finds that Plaintiff's claim for damages for alleged due process violations attendant to his disciplinary proceeding is without merit.

      b)    <u>Excessive Force and Failure to Protect</u>

As the Court reads the complaint, Plaintiff takes issue with the fact that an unnamed officer used excessive force against him and that Defendant Cook witnessed the alleged physical assault and did not report it. Defendant does not address the fact that Plaintiff alleged a physical, as well as a verbal, assault. Defendant is correct that it is well settled law that a claim for verbal abuse or threats is not cognizable under section 1983. *See* Keenan v. Hall, 83 F3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate the Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional

**No. 4:04cv09-mmp/ak**

wrong); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in deprivation of protected liberty interest); Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997) (verbal abuse not cognizable under 1983); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (same), *cert. denied*, 485 U.S. 982 (1988) (same). Thus, insofar as Plaintiff seeks damages for the racial slurs and threatening language allegedly used against him, this claim must fail.

However, Plaintiff also alleges that an unnamed officer stood on his feet, pulled his hair, wrapped his hand around his throat, and stuck his thumb in his mouth. [1] Under the Eighth Amendment, the use of force is deemed legitimate in a prison setting if it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." Whitley v. Albers, 475 U.S. 312, 320-321 (1986). To determine if force was used maliciously and sadistically to cause harm, several factors must be considered: (1) the need for the application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the severity of a forceful response. Hudson v. McMillian, 503 U.S. 1, 8 (1992). Based on Plaintiff's version of the facts, as set forth in the complaint, the alleged assault was completely unprovoked, and at least under the factors set forth above, the force used would appear to have been a malicious use for which this person *could* be held liable.

---

[1] This person has not been named or served.

**No. 4:04cv09-mmp/ak**

Likewise, corrections officers who witness a use of force and do not intervene to protect the inmate may also be held liable. See Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2003); Post v. City of Fort Lauderdale, 7 F.3d 1552, 1560 (11th Cir. 1993), as amended, 14 f.3d 583 (11th Cir. 1994); Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986).

However, there is one additional factor that is dispositive of the claims against both the unnamed officer and defendant Cook, and that is the fact that Plaintiff asserts no injuries from the alleged use of force beyond some insignificant pressure on his neck and mouth area. While the absence of a "serious injury" is insufficient to dismiss a claim for excessive use of force, de minimis uses of force do not support a finding of a constitutional violation. Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996); Hudson, supra at 7-8. In the opinion of the undersigned this factor negates Plaintiff's claims against the unnamed officer for excessive use of force and his claims against Defendant Cook for failing to protect him from the use of force. Having found that there was no *excessive* use of force, *i.e* no unconstitutional use of force, it stands to reason that Defendant Cook is not liable for failing to intervene against its use.

c)  Retaliation

Plaintiff's final claim is against Defendants Cook and Canon for conspiring to fabricate a disciplinary report in retaliation for filing grievances. It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his First Amendment rights. See Farrow v. West, 320

**No. 4:04cv09-mmp/ak**

F.3d 1235, 1248 (11th Cir. 2003); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); Wright v. Newsome, 795 F.2d 964 968 (11th Cir. 1986); Adams v. James, 784 F.2d 1077, 1080 (11th Cir. 1986).  In the prison setting "[t]he state may not burden [First Amendment rights] with practices that are not reasonably related to legitimate penological objectives . . . nor act with the intent of chilling that First Amendment right." Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (citing Turner v. Safley, 482 U.S. 78, 85-89, 107 S.Ct. 2254, 2260-61, 96 L.Ed.2d 64 (1987), and Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989)).  In general, a prisoner may establish retaliation by "demonstrating that the prison official's actions were `the result of his having filed a grievance concerning the conditions of his imprisonment.'" Farrow, 320 F.3d at 1248 (citing Wildberger, 869 F.2d at 1468).

While there is a lack of clear guidance from the Eleventh Circuit with regard to First Amendment retaliation claims made by prisoners, other circuits have addressed the matter, resulting in the development of an instructive body of case law.  The Second, Third, Sixth, and Seventh Circuits have expressly applied the Mount Healthy burden-shifting framework to retaliation claims in the prison context.  See Rauser v. Horn, 241 F.3d 330 (3rd Cir. 2001); Thaddeus-X, 175 F.3d at 386; Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996); Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996).  Under this line of cases the plaintiff must prove:  (1) that he was engaged in constitutionally protected activity; (2) that he suffered adverse action such that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3)

**No. 4:04cv09-mmp/ak**

that "there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." Brown v. Crowley, 312 F.3d 782, 787 (6th Cir. 2002) (citing Thaddeus-X); see also Rauser, 241 F.3d at 333-34; Dawes, 239 F.3d at 492-93. If the prisoner establishes that his exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct, the burden then shifts to the defendant to show that the same action would have been taken even absent the protected conduct. Brown, 312 F.3d at 787; Rauser, 241 F.3d at 333-34; Babcock, 102 F.3d at 275.

Other circuits have also recognized Mount Healthy in reviewing retaliation claims by prisoners but without adopting its burden-shifting framework. See Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998) (requiring prisoner to come forward with direct or circumstantial evidence that "but for the retaliatory motive, the incidents to which he refers . . . would not have taken place"); Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993) (acknowledging Mount Healthy but stating that in retaliatory transfer case prisoner must prove "but for" the retaliatory motive the allegedly unconstitutional conduct would not have occurred); cf. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (citing Mount Healthy but indicating that burden remains on prisoner to show that "but for" the retaliatory motive the complained of incident would not have occurred); McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979) (same).

In analyzing Plaintiff's burden under the standard of review applicable on a motion to dismiss, he is required to set forth factual allegations on each material

**No. 4:04cv09-mmp/ak**

element necessary to sustain his theory on this claim. See Worst, supra. Bald assertions and conclusions of law are not sufficient, even concerning *pro se* complaints. A review of the complaint persuades the undersigned that Plaintiff has alleged nothing more than vague and conclusory claims of retaliation and has wholly failed to link the Defendants' actions with his protected First Amendment rights. Plaintiff has alleged no facts whatsoever that would tend to show that Defendants Cook and Canon were motivated to retaliate against him. In his complaint, he alleges that the unnamed officer who assaulted him complained about his filing grievances not Defendants Cook or Canon. Further, although Plaintiff attached to his complaint a number of grievances regarding his desire to prosecute the officer who assaulted him, he did not attach any grievances that might show why these particular Defendants would want to retaliate against him. In his affidavit attached to the complaint, Plaintiff describes in detail his encounter with the unnamed officer and recites that *this* person was upset about the number of grievances filed by Plaintiff, but offers no facts as to why Defendants Cook and Canon would be upset by these grievances or any other activity that would prompt their retaliation.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss (doc. 51) be **GRANTED**, and that Plaintiff's amended complaint (doc. 16) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**No. 4:04cv09-mmp/ak**

**IN CHAMBERS** at Gainesville, Florida, this **14th** day of October, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:04cv09-mmp/ak**